Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>JOSÉ L. QUIÑONES VILLANUEVA<br><br>Peticionario | KLCE202400419 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Caso Núm.:<br>A VI2012G0018<br>A LA2012G0087<br><br>Sobre:<br>Art. 106 C.P. y<br>Art. 5.06 C.P. |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 10 de mayo de 2024.

La parte peticionaria, José L. Quiñones Villanueva, acude ante nos de una *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala de Aguadilla, el 13 de marzo de 2024, notificada el 14 del mismo mes y año. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* una solicitud de revisión de los casos criminales número A VI2012G0018 y A LA2012G0087, presentada por la parte peticionaria.

Los hechos esenciales para comprender la determinación que hoy alcanzamos se incluyen a continuación.

**I**

Surge del expediente que, el 15 de octubre de 2012, la parte peticionaria, se declaró culpable de haber infringido en segundo grado el Artículo 106 del Código Penal del Estado Libre Asociado de Puerto Rico de 2004, Ley Núm. 149-2004, 33 LPRA sec. 4734, y el Artículo 5.06 de la Ley de Armas de Puerto Rico, Ley Núm. 404-2000, 25 LPRA sec. 458d. Los aludidos artículos tipifican, respectivamente, los delitos de asesinato y portación y uso de armas blancas.

Número Identificador

RES2024_____

Años más tarde, el 28 de febrero de 2023, mediante una *Sentencia Per Curiam*[1], nuestro más Alto Foro local suspendió inmediata e indefinidamente del ejercicio de la abogacía al Licenciado Edwin H. (en adelante, Lcdo. Sepúlveda Valentín), quien fungió como representante legal de la parte peticionaria en los casos criminales en los cuales se dilucidó la comisión de los antedichos delitos. En la referida sentencia, se sancionó la conducta del Lcdo. Sepúlveda Valentín en un caso civil sobre daños y perjuicios en el cual, igualmente, fungió como representante legal de la parte peticionaria. Mediante el aludido dictamen, el Tribunal Supremo concluyó que el Lcdo. Sepúlveda Valentín violó lo exigido en los Cánones 19, 23, 35 y 38 del Código Ética Profesional. Los antedichos cánones sancionan, respectivamente, que un abogado: (1) incumpla con mantener a su cliente informado de todo asunto importante que surja en el desarrollo del caso; (2) adquiera interés en el asunto en litigio; (3) falte a sus deberes de sinceridad y honradez, y (4) no se esfuerce por evitar la apariencia de conducta impropia. Ello, luego de que se probó que, el abogado en cuestión falló en comunicarle a la parte peticionaria sobre ciertos acontecimientos del caso; entre ellos, que recibió un cheque como motivo de una transacción, y que se emitió una sentencia, la cual dio fin a la acción civil.

Así las cosas, el 22 de febrero de 2024, la parte peticionaria suscribió una *Moción Informativa en Solicitud de Revisión [de] Caso Criminal*, dirigida al tribunal de instancia. En el escrito, sostuvo que, ante el desaforo del Lcdo. Sepúlveda Valentín, el tribunal debía revisar su caso criminal.

Evaluado lo anterior, el 13 de marzo de 2024, notificada el 14 del mismo mes y año, el foro primario emitió una *Resolución* en la cual declaró *No Ha Lugar* la solicitud de la parte peticionaria.

---

[1] Caso número CP-2018-0007.

Inconforme, la parte peticionaria acudió ante este Tribunal. Esencialmente, planteó que el desaforo del Lcdo. Sepúlveda Valentín era evidencia de que este no le brindó una representación legal adecuada en su caso criminal. Así, pues, nos suplicó que revocáramos la determinación del tribunal de instancia.

Habiendo examinado el expediente que nos ocupa, procedemos a delimitar el trasfondo normativo aplicable.

**II**

**A. *Certiorari***

El Tribunal de Apelaciones conocerá mediante auto de certiorari expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia. 4 LPRA sec. 24y (b). El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 32 LPRA sec. 3491; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Pueblo v. Díaz De León*, 176 DPR 913, 917 (2009). Es decir, contrario al recurso de apelación, el tribunal superior puede expedir el auto de certiorari de manera discrecional. *Pueblo v. Rivera Montalvo*, supra. Ahora bien, la discreción no es irrestricta. El ejercicio discrecional no puede hacerse en abstracción del Derecho. *Pueblo v. Ortega Santiago*, 125 DPR 203, 214 (1990).

La Regla 40 del Reglamento del Tribunal de Apelaciones dirige nuestra decisión al expedir un recurso de certiorari en el ámbito penal. La misma nos invita a expedir el mismo, sujeto a sus criterios:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

**III**

Luego de examinar detenidamente el expediente del presente caso, y conforme a la discreción que ostentamos para expedir un recurso de *certiorari*, declinamos ejercer la misma. Así, pues, denegamos la expedición de este recurso.

Nuestra determinación se fundamenta en la ausencia de criterios que justifique nuestra intervención con una resolución post sentencia, dentro de un proceso criminal.

**IV**

Por lo antes expuesto se deniega la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones